Debbie P. Kirkpatrick, Esq. (SBN 207112)
Damian P. Richard, Esq. (SBN 262805)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:   619/758-1891
Fax:   619/296-2013
dkirkpatrick@sessions-law.biz
drichard@sessions-law.biz

Attorney for Freedom Debt Relief, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISHA SANCHEZ, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br> vs. <br><br> FREEDOM DEBT RELIEF, LLC, <br><br> Defendant. | Case No.:  15-CV-00527 BRO SP <br><br> ANSWER TO COMPLAINT |

Defendant, Freedom Debt Relief, LLC (hereinafter "FDR"), for itself alone, responds to the complaint filed by Plaintiff, Trisha Sanchez, as follows:

///

///

Answer to Complaint

1

## NATURE OF THE CASE

1. In response to ¶ 1 of the Complaint, FDR admits that Plaintiff purports to bring this putative class action for alleged violations of the Telephone Consumer Protection Act 47, U.S.C. § 227 *et seq.* ("TCPA") but denies all remaining allegations contained in ¶ 1.

## JURISDICTION & VENUE

2. FDR avers the allegations contained in ¶ 2 are legal conclusions to which no response is required. To the extent a response is required, FDR avers the Court has subject matter jurisdiction under 28 U.S.C. § 1331. Except as expressly admitted, FDR denies the remaining allegations contained in ¶ 2.

3. FDR avers the allegations contained in ¶ 3 are legal conclusions to which no response is required. To the extent a response is required, FDR admits venue is proper.

## PARTIES

4. FDR lacks sufficient information to form a belief as to the truth of the matters alleged in ¶ 4, and based thereon deny the same.

5. FDR admits it provides debt relief services. Except as expressly admitted, FDR denies the remaining allegations contained in ¶ 5.

## FACTUAL ALLEGATIONS

6. FDR admits its business records reflect that an FDR representative called Plaintiff in response to her online inquiry in which she provided a telephone number ending in 1141. Except as expressly admitted, FDR denies the remaining allegations contained in ¶ 6.

7. FDR denies the allegations contained in ¶ 7.

8. In response to ¶ 8, FDR admits it did not call Plaintiff for an emergency purpose.

9. FDR lacks sufficient information to form a belief as to the truth of the matters alleged in ¶ 9, and based thereon deny the same.

10. FDR denies the allegations contained in ¶ 10.

## CLASS ALLEGATIONS

11. FDR admits that Plaintiff purports to bring this action on behalf of a putative class, but FDR denies the allegations contained in ¶ 11 and denies this action can be maintained as a class action.

12. FDR admits that Plaintiff purports to bring this action on behalf of a putative class, but FDR denies the allegations contained in ¶ 12 and denies this action can be maintained as a class action.

13.   FDR admits that Plaintiff purports to bring this action on behalf of a putative class, but FDR denies the allegations contained in ¶ 13 and denies this action can be maintained as a class action.

14.   FDR admits that Plaintiff purports to bring this action on behalf of a putative class, but FDR denies the allegations contained in ¶ 14 and denies this action can be maintained as a class action.

15.   FDR admits that Plaintiff purports to bring this action on behalf of a putative class, but FDR denies the allegations contained in ¶ 15 and denies this action can be maintained as a class action.

16.   FDR admits that Plaintiff purports to bring this action on behalf of a putative class, but FDR denies the allegations contained in ¶ 16 and subparagraphs a. through c., inclusive, and denies this action can be maintained as a class action.

17.   FDR admits that Plaintiff purports to bring this action on behalf of a putative class, but FDR denies the allegations contained in ¶ 17 and denies this action can be maintained as a class action.

18.   FDR admits that Plaintiff purports to bring this action on behalf of a putative class, but FDR denies the allegations contained in ¶ 18 and denies this action can be maintained as a class action.

19. FDR admits that Plaintiff purports to bring this action on behalf of a putative class, but FDR denies the allegations contained in ¶ 19 and denies this action can be maintained as a class action.

20. FDR admits that Plaintiff purports to bring this action on behalf of a putative class, but FDR denies the allegations contained in ¶ 20 and denies this action can be maintained as a class action.

21. FDR admits that Plaintiff purports to bring this action on behalf of a putative class, but FDR denies the allegations contained in ¶ 21 and denies this action can be maintained as a class action.

FIRST CAUSE OF ACTION
Telephone Consumer Protection Act
47 U.S.C. § 227 et seq.

22. In response to ¶ 22, FDR incorporates its responses contained in all of the above paragraphs as though fully set forth herein.

23. FDR denies the allegations contained in ¶ 23.

24. FDR denies the allegations contained in ¶ 24.

25. FDR denies the allegations contained in ¶ 25.

SECOND CAUSE OF ACTION
Telephone Consumer Protection Act
47 U.S.C. § 227 et seq.

26. In response to ¶ 26, FDR incorporates its responses contained in all of the above paragraphs as though fully set forth herein.

27. FDR denies the allegations contained in ¶ 27.

28. FDR denies the allegations contained in ¶ 28.

29. FDR denies the allegations contained in ¶ 29.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

FDR alleges Plaintiff's Complaint should be dismissed because the various causes of action fail to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

FDR alleges Plaintiff consented to and/or invited the conduct for which she seeks relief.

### THIRD AFFIRMATIVE DEFENSE

FDR alleges Plaintiff knowingly and voluntarily waived her rights to obtain any or all of the relief sought in the complaint.

### FOURTH AFFIRMATIVE DEFENSE

FDR alleges that it did not place any calls to Plaintiff's number using an automatic telephone dialing systems as defined by the Telephone Consumer Protection Act.

## FIFTH AFFIRMATIVE DEFENSE

FDR alleges that it did not place any calls to Plaintiff's number using an artificial or prerecorded voice.

WHEREFORE, FDR respectfully requests that:

1. Plaintiff take nothing by way of her Complaint;

2. Judgment of dismissal be entered in favor of FDR;

3. FDR be awarded costs and attorney's fees it has incurred in defending this lawsuit.

4. FDR be granted such other and further relief as the Court deems just and proper.

Dated: 5/18/15                SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

/s/ Debbie P. Kirkpatrick
Debbie P. Kirkpatrick
Attorney for Defendant
Freedom Debt Relief, LLC